O’NIELL, Chief Justice.
 

 This mandamus proceeding was brought by the city of Now Orleans to compel the Louisiana highway commission to pay to the city, out of the revenues collected by the commission for the year 1933, the quarterly installment of $175,000 due on the 31st of December, 1933, under the amendment of section 22 of article 6 of the Constitution, made pursuant to Act No. 3 of the Extra Session of 1930.
 

 The constitutional amendment provides that the highway commission shall pay out of its annual revenues to the city $700,000 per annum, in four quarterly installments, payable, respectively, on the last day of March, June, September, and December, “to be used by said city for the maintenance and construction oí streets that are either part of or are incidental to' the streets which are used as State highways.”
 

 The highway commission pleaded in defense of the suit that the commission had been informed that the installments already paid to the city had been applied to purposes other than the maintenance or construction of streets that are part of or incidental to those used as state highways. Hence the highway commission pleaded, in its answer to the suit, that the city should be required to produce the books, documents, and accounts relating to the expenditure of the installments already received from the highway commission, in order that the court might determine whether the funds were expended in the way required by the constitutional amendment.
 

 When the ease was called for trial, the attorney for the highway commission called upon the city attorney to produce the books, documents, and accounts referred to in the answer to the suit. The city attorney objected, on the ground, first, that the question sought to be inquired into was irrelevant, and, second, that the only effective process for requiring a party to a lawsuit to produce his books or records was a writ of subpoena duces tecum. The judge sustained the objection and declined to postpone the trial; whereupon the attorney for the highway commission an
 
 *865
 
 nounced: “I am willing to go to trial just as it is.”
 

 The case then went to trial. The attorney for the highway commission admitted that the commission had in its possession a sufficient balance of the revenues collected for the year J933 to pay the $175,000 claimed by the city. The city attorney then introduced in evidence a certified copy of the minutes of a meeting of the highway commission, held at its office on the 30th of September, 1933, at which meeting all of the members of the commission were present, and at which meeting a resolution was adopted unanimously recognizing the commission’s obligation to pay the quarterly installments of $175,000 each to the city, and agreeing to pay $175,000 in cash on the 31st •of December, 1933, and to deposit $700,000 in a bank to be designated by the commission council of the city of New Orleans, to be paid to the city in four equal installments, on the last day of March, June, September, and December, 1934, the deposit to be secured by collateral satisfactory to both the highway commission and the commission council. The city attorney introduced in evidence also a certified copy of a resolution of the commission council of the city of New Orleans, adopted on the 9th of January, 1934, authorizing the city attorney to file this suit. The attorney for the highway commission offered no evidence, but relied upon his plea that the city could not insist upon the payment of the $175,000 due on the 31st of December, 1933, without first producing the city’s books and records to show that the installments already paid to the city by the highway commission were “used by said city for the maintenance and construction of streets that are either part of or are incidental to the streets which are used as State highways.” The district judge gave judgment for the city, making the alternative writ of mandamus peremptory, and, in lieu of a writ of injunction which the city had asked for, the judge ordered the highway commission to deposit $175,000 into the registry of the court. The commission then complied with the order by depositing with the clerk of court a check for $175,000.
 

 The highway commission has appealed from the judgment making the writ of mandamus peremptory,- and relies upon the rule of evidence that, when a party to a suit is called upon by an opposing party to produce evidence which is in his possession, and fail's to produce the evidence, the presumption is that the evidence is against him. That rule, however, applies only when the law, or the evidence already introduced, has established a presumption against the party who refuses or fails to produce the evidence called for. There is no evidence at all in this ease tending to prove — and certainly no presumption— that the city of New Orleans misapplied the installments that were paid by the highway commission to the city in compliance with the amendment of section 22 of Article 6 of the Constitution, adopted pursuant to Act No. 3 of the Extra Session of 1930. In fact, such evidence was not admissible in support of the plea of the highway commission in defense of this suit, because the plea itself was not an appropriate plea in defense of the suit.
 

 The judgment is affirmed.
 

 ST. PAUL, J., absent.